CORA L. NEARY, *Appellant*, vs. JAMES PAUL NEARY,
*Appellee.*
137 So. 236.
Division A.
Opinion filed October 27, 1931.

*Ross Williams, Harry Neham, Frank E. Lowman* and
*Goodloe Warden,* for Appellant;
No appearance, for Appellee.

PER CURIAM.—This was a suit for divorce. Constructive
service was had by publication. The Bill alleged one statu-
tory ground for divorce, ie., willful, obstinate and con-
tinued desertion for a period of one year prior to filing
of Bill. After testimony taken in due course before a
Master the Chancellor entered an Order dismissing the
Bill without prejudice. Testimony of the complainant was
elicited in the manner denounced in Chisholm vs. Chisholm,
98 Fla. 1196, 125 Sou. 694, fourteenth headnote, page 1216,
text 98 Fla. Even then neither the elements of willfulness
or obstinateness of the alleged desertion was proven by
this witness. There was no effort to prove either of these
elements of the statutory ground by any other witness. De-
sertion is not proven by any witness. It is true that the
complainant in answer to the question: "Did he leave
you?" answered "Yes". That answer proved nothing
material. The complainant utterly failed to prove the al-
legation of her Bill.

The decree is affirmed.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.
WHITFIELD, J., concurs in the opinion and judgment.
TERRELL AND DAVIS, J.J., dissent.

DAVIS, J., (Dissenting) :—This case was referred to a Master to make findings as to both law and fact. The Master found the law and facts in favor of complainant. No such situation existed in the Chisholm case, supra. There the special master was not empowered to make findings of law or fact but merely to take testimony and transmit it to the court for first-hand consideration. It is discretionary with a chancellor to refer a cause to a Special Master to make findings of law and fact or merely have the Master take the testimony in divorce cases. When a Master is appointed to make findings the finding should not be disregarded except for strong reasons. I do not think the Chisholm case controls this and that the divorce should have been granted on the Master's findings.